IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA KAY SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Civil Action No. 05-1602 |
| | ) |
| MARK AARON, District Attorney, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff contends that various government officials and other individuals conspired to violate her constitutional right to equal protection when they failed to fully prosecute several people who had broken into her home. After careful consideration, and for the reasons set forth below, I find that Plaintiff lacks the standing necessary to assert the constitutional claim identified in her Complaint. The Complaint is dismissed.

### OPINION

Plaintiff Marsha Kay Snyder ("Snyder") apparently has the custody of her brother's minor child. Snyder alleges that on February 17, 2005, the minor child's

1

mother, accompanied by other individuals, broke into her house for the purpose of removing the child. A melee ensued and one of the intruders eventually phoned the state police. Defendant State Trooper Robert S. Hageter, Jr. ("the Trooper") arrived at the scene and defused the situation.

Snyder took issue with Trooper Hageter's assessment of the situation and disagreed with what charges he thought were appropriate. When Trooper Hageter did not immediately file charges against the intruders, she filed a private criminal complaint. Eventually, in late April of 2005, Trooper Hageter did file formal charges. Again, Snyder disagreed with the charges actually filed. According to Snyder, the claims were ultimately nolle prossed on the basis that they lacked prosecutorial merit.

Acting *pro se*, Snyder has filed a Complaint asserting what appears to be a claim under 42 U.S.C. § 1983, based upon a violation of her right to equal protection. She names as Defendants Trooper Hageter, Mark Aaron, the District Attorney, James Arner, the President Judge of Clarion County, Ralph Montana, the Solicitor who represented one of the intruders in the criminal proceedings, the County of Clarion, and Stanley Drake, who apparently is the father of one of the intruders. Snyder originally urged that the charges were *nolle prossed* because the Defendants conspired, as members of the Secret Brotherhood of Free and Accepted Masons, against her. See Complaint, ¶¶ 45-50. In her "Supplement to the Complaint," however, Snyder appears to have abandoned this theory. Indeed, she seems to now be claiming that the Defendants sought to shield the intruders from prosecution

because they had acted as informants for the "F.B.I., the Attorney General's Office and the Joint Terrorism Task Force giving them information about [Snyder's] brother." See Supplement to Complaint, ¶ 22. She contends that she was denied the right to equal protection of the law because her brother "has been identified by the Office of the Attorney General as a domestic terrorist and or a member of the unorganized militia." See Plaintiff's Reply to Motion to Dismiss, ¶¶ 1-2.

Several of the Defendants have filed Motions to Dismiss. See Docket Nos. 7, 11 and 13. Though the Defendants raise a variety of arguments in support of the dismissal of the claims asserted against them, I need consider only one - standing. For the reasons set forth below, the Complaint is dismissed.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted

inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

## ANALYSIS

Reduced to its elements, Snyder's complaint is that she believes criminal charges for assault and kidnaping should have been brought against the intruders and that she is upset both that they were not brought and that the charges actually brought were nolle prossed. Yet, the Supreme Court has consistently held that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Linda R.S. v. Richard D., 410 U.S. 614, 619 93 S. Ct. 1146 (1973) (citations omitted). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S., 410 S. Ct. at 619.

Thus, the Second Circuit Court of Appeals dismissed, for lack of standing, a case against an Assistant United States Attorney where the plaintiff alleged that the attorney had violated his constitutional rights by failing to investigate or prosecute

a third party. Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90 (2d Cir. 2001) (stating that "Ostrowski has no standing to sue for any of Mehltretter's actions.  First of all, he has not shown injury-in-fact.  The failure of Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner  - he has no 'personal stake in the outcome' of a perjury case brought against (or not brought against) another person."); See also Kim v. Romero, 877 F.2d 64, 1989 WL 67116 at * 1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); McMinn v. Damiani, 765 F.2d 145, 1985 WL 13323 (6th Cir. May 3, 1985) (affirming the dismissal for lack of standing a pro se civil rights case where plaintiff had sued state prosecuting authorities for failing to investigate or prosecute claims against various state judges and lawyers); Moyer v. Borough of North Wales, Civ. No. 00-1092, 2000 WL 1665132 at *2(E.D. Pa. Nov. 7, 2000) (stating that "Moyer has no judicially cognizable interest in Timothy Conley's criminal prosecution.  Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert."); see also  Wise v. Augustine, Civ. No. 97-2651, 1997 WL 534695 at * 2 (E.D. Pa. Aug. 8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Dundore v. O'Donnell, Civ. No. 85-2907, 1985 WL 2681 at * 2 (E.D. Pa. Sept. 17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs. Although plaintiffs were no doubt aggrieved when O'Donnell refused

to file the charges, they have no constitutional right that I am aware of to have criminal charges filed."); Corbin v. Stevens, Civ. No. 91-1054, 1992 WL 96684 at * 2 (S.D. N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested... .").

Because Snyder's claim is premised upon the failure to fully prosecute another individual, and because she has no legally cognizable interest in having criminal charges filed, her Complaint must be dismissed for lack of standing. Because she has no standing, I lack jurisdiction over this matter. Accordingly, the Complaint is dismissed as to all Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA KAY SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1602 |
| | ) |
| MARK AARON, District Attorney, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# ORDER OF COURT

AND NOW, this **6th** day of March, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motions to Dismiss (Docket Nos. 7, 11 and 13) are GRANTED.  Plaintiff's Complaint is dismissed.  That dismissal is, however, without prejudice.  Given Plaintiff's pro se status, she is hereby given a period of 10 days from the date of this Order to file an Amended Complaint and set forth a cognizable cause of action.  Plaintiff should keep in mind, however, that unless she is able to premise her claim upon actions that the Defendants engaged in with respect to her (rather than to the intruders), her claim will not be cognizable.  Judgment is entered in favor of Defendants and against Plaintiff.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge