IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHA KAY SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1602 |
| MARK AARON, District Attorney, et al., | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## OPINION

By Order of Court dated March 6, 2006, I dismissed Plaintiff Marsha Kay Snyder's ("Snyder") Complaint for lack of standing.  Briefly, Snyder sought to assert several constitutional claims under 42 U.S.C. § 1983 based upon the Defendants' failure to fully prosecute individuals who broke into Snyder's home.  I concluded that, under well established case law, Snyder lacked "a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (citations omitted). The dismissal was, however, without prejudice to file an Amended Complaint.

Snyder has since filed an Amended Complaint.  The Amended Complaint contains three causes of action.  The first, entitled "Criminal Conspiracy to Obstruct the Administration of Law or Other Governmental Function in Violation of 18 Pa. §

1

5101," is brought under § 5101 of the Pennsylvania Crimes Code. In Count One, Snyder essentially complains that the Defendants conspired to prevent or otherwise terminate the criminal prosecution of the individuals who invaded her home. Count Two, entitled "Aiding Consummation of Crime 18 Pa. § 5107," is brought under § 5107 of the Pennsylvania Crimes Code. Count Two is also premised upon a conspiracy "to contrive the circumstances whereby the home invaders would ultimately escape any punishment or even any formal prosecution for their unlawful acts committed in Clarion County against the plaintiff." See Docket No. 36, ¶ 9. Count Three, entitled "Official Oppression 18 Pa. § 5301," is brought under § 5301 of the Pennsylvania Crimes Code. Count Three essentially incorporates all previous allegations.

Each of the Defendants has filed a Motion to Dismiss or a Motion to Strike the Amended Complaint. See Docket Nos. 37, 38, 41 and 44. While the Defendants each raise many arguments in support of the dismissal of the Amended Complaint, I need not address each argument. The Amended Complaint is subject to dismissal both for lack of subject matter jurisdiction and for a failure to comply with the Court's March 6, 2006 Order.

As to subject matter jurisdiction, Snyder must demonstrate either that this Court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A review of the Amended Complaint suggests that Snyder does not assert any federal questions. Indeed, her causes of action all stem from alleged violations of the Pennsylvania Crimes Code. Consequently, there is no basis for exercising jurisdiction under § 1331. Neither is there any basis for exercising

jurisdiction under § 1332.  Even presuming that the amount in controversy would exceed $75,000.00, there is no diversity of citizenship.  Snyder is a resident of Pennsylvania and so are the individual Defendants.  Absent complete diversity, I cannot exercise jurisdiction under § 1332.

In the alternative, even if Snyder could convince me that jurisdiction does exist, the Amended Complaint would be dismissed as violating the Court's Order dated March 6, 2006.  In that Order I permitted Snyder to file an Amended Complaint provided that the claims were premised upon a violation of her rights, rather than the rights of others.  Yet, each of Snyder's claims in the Amended Complaint is predicated upon alleged damage to her flowing from the nonprosecution of third parties.  As stated above, she does not have standing to assert such a right.

Consequently, this **13th** day of April, 2006, it is Ordered that the pending Motions (Docket Nos. 37, 38, 41 and 44) are GRANTED.  The Amended Complaint is DISMISSED, WITH PREJUDICE.  This Case is Closed.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge